**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**JEN-JEN CHEN,**

                 **Plaintiff,**

                 - against -

**RITE AID OF NEW YORK INC.,**
**ROSA TORRES, VINNIE DAM,**

                 **Defendants.**
-----------------------------------------------------------x

**MEMORANDUM**
**AND ORDER**

**14-CV-6324 (ENV) (RLM)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court are two motions from *pro se* plaintiff Jen-Jen Chen ("plaintiff"): an application to have the Court afford her *pro bono* counsel, see Letter-Motion to Appoint Counsel (Mar. 5, 2015) ("Motion for Counsel"), Electronic Case Filing Docket Entry ("DE") #18; and plaintiff's request that the initial conference (which is currently scheduled for noon on March 25, 2015) be adjourned until late June, in order to afford plaintiff time "to meet and discuss" the case with her *pro bono* attorney in advance of the initial conference. See Letter dated 3/5/15, DE #17. For the following reasons, both applications are denied.

      In contrast to the rule in criminal prosecutions, there is no right to counsel in a civil case. See Martin-Trigona v. Lavien, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court cannot compel any attorney to accept a civil case on a *pro bono* basis. See Mallard v. United States District Court, 490 U.S. 296 (1989). However, pursuant to 28 U.S.C. § 1915(e)(1), "the court may request an attorney to represent any person unable to afford counsel."

      In making this type of request, however, the Court must first consider whether the plaintiff's position is "likely to be of substance." Ferrelli v. River Manor Health Care Center,

323 F.3d 196, 204 (2d Cir. 2003). If the claim asserted meets this threshold requirement, the Court should then consider secondary criteria, "including plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).

Based on the limited record now before it, this Court is unable to determine whether plaintiff's employment discrimination claim is "likely to be one of substance." Id. (quoting Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986)). Mindful that "[v]olunteer lawyer time is a precious commodity," Cooper, 877 F.2d at 172, this Court accordingly denies plaintiff's request for counsel, with leave to renew the request as the case progresses.[1]

The March 25th initial conference will go forward as scheduled.

The Clerk of the Court is directed to enter this Order into the ECF system and to mail a copy to *pro se* plaintiff.

**SO ORDERED.**

**Dated: Brooklyn, New York
March 6, 2015**

/s/ *Roanne L. Mann*
**ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE**

---

[1] While plaintiff notes that "one of" "several lawyers" with whom she spoke wanted to charge her $20,000 to handle the case, see Motion for Counsel ¶ 3, she does not contend that the other lawyers similarly demanded a substantial upfront payment. This Court is aware that numerous attorneys admitted to practice in this district will agree to represent plaintiffs in employment discrimination cases on a contingency fee basis provided the claims appear to have merit.